**FILED**

VANESSA L. ARMSTRONG, CLERK

AUG 15 2017

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                    PLAINTIFF

v.                                    CRIMINAL NO. 3-17-CR-2-DJH

STEPHEN KYLE GOODLETT                                    DEFENDANT

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the United

States of America, by John E. Kuhn, Jr., United States Attorney for the Western District of

Kentucky, and defendant, Stephen Kyle Goodlett, and his attorney, Christopher Spedding, have

agreed upon the following:

1.     Defendant acknowledges that he has been charged in the Indictment in this case

with violations of Title 18, United States Code, Sections 2252A(a)(1) and 2252A(a)(5)(B).

Defendant further acknowledges that the Indictment in this case seeks forfeiture of all of the rights,

title, and interests in any property, real or personal, used or intended to be used to commit or to

promote the commission of such offenses, or any property traceable to such property, including

but not limited to the following:

a.     iPhone, bearing serial number F17M8DA3FF9Y;

b.     Service tag; 7NLH1H1, Model: PP29L;

c.     PNY 8GB SD card, bearing serial number SDK0BG1132*H6130L;

d.     Sandisk 1GB SD card, bearing serial number BB0731713304D;

e.     Imation 1GB drive, bearing serial number HMDS01GCED900033213;

f.     Dell USB drive, 64 MB;

g.     Lexar 128 MB SD card, bearing serial number FH0523084CH0524PA;

h.  Sandisk, Cruzer, 4GB thumb drive, bearing serial number SDCZ36W004GBH1107WRIB;

i.  Sandisk, Glide, 32GB thumb drive, bearing serial number SDCZ60032GBM120723461B;

j.  Verbatim thumb drive;

k.  Seagate external 1TB drive, model number SRD00F1, bearing serial number NA7G6B3R;

l.  iPhone model A1387;

m.  Sandisk, Cruzer, 1GB thumb drive, bearing serial number BB0805KCIB;

n.  PNY 4GB SD card;

o.  Sandisk, Cruzer glide, 16GB thumb drive, bearing serial number CDCZ60016GBL120523461B;

p.  Sandisk, Cruzer, 8GB thumb drive, bearing serial number SDCZ36008GBI1202ZMIB;

q.  USB drive with "KHPDA" on one side;

r.  Kingston datatraveler 112, 2GB thumb drive;

s.  Apple iPod, 8GB, Model A1367, bearing serial number C3LG9N5DCP7;

t.  Micro SD card, bearing serial number SDC026;

u.  Sandisk Micro SD card, bearing serial number MMAGR02GUECAMB1F261000034;

v.  Micro SD card, bearing serial number MMAGR02GUECAMB1FDE269GA126;

w.  Samsung Micro SD card, bearing serial number MM8GR01GUACYNA1C071000835;

x.  Sandisk Micro SD card, 2GB;

y.  Sandisk Micro SD card 8GB;

z.  Micro SD card, bearing serial number MMBTR0463CCAMPDHDH12586238;

aa.  Attache 512 MB thumb drive;

bb.  Yellow and black thumb drive labeled "EIS PLC WORK";

cc.  Sandisk 4GB Micro SD card; and

dd.  HTC Cell phone, bearing serial number HT9B9HF01705.

pursuant to Title 18, United States Code, Section 2253(a)(3), by reason of the offenses charged in Counts 1 and 2 of the Indictment.

2.      Defendant has read the charges against him contained in the Indictment, and those charges have been fully explained to him by his attorney.  Defendant fully understands the nature and elements of the crimes with which he has been charged.

3.      Defendant will enter a voluntary plea of guilty to Counts 1 and 2 in this case. Defendant will plead guilty because he is in fact guilty of the charges.  The parties agree to the following factual basis for this plea:

On September 2, 2016, Elizabethtown Police received a child sexual exploitation complaint.  The complainant, discovered that nude photographs of her were uploaded to a website that allowed users to anonymously post sexually explicit images and videos of people and identify the geographic area where the depicted person lives.  The photographs are often accompanied by the first and last initial of the person in the photographs.  The complainant viewed the images from the website and told police she was 15 years old when the nude photographs were created with a cell phone.

Elizabethtown Police requested and received detailed IP address information regarding the IP address responsible for uploading the images related to the complainant from the website. Elizabethtown Police learned that the IP address responsible for the uploads was registered to Kyle Goodlett of Elizabethtown, KY.  Goodlett was the Assistant Principal at Larue County High School from July 4, 2012, until he was promoted to the Principal on July 1, 2013.  He held that position until he was terminated on October 19, 2016.  Goodlett was Principal while the complainant was a student there and he had access to the complainant's nude images when he

3

confiscated her cell phone.  The complainant was a student at Larue County High School from 2010 until she graduated in 2014.

On October 13, 2016, the Kentucky State Police (KSP) executed a search warrant at Goodlett's residence.  An on scene preview of Goodlett's electronic devices, including his iPhone and an external hard drive, yielded 60 files of child sexual exploitation.

On December 12, 2016, KSP received a report from the National Center for Missing and Exploited Children stating that several images discovered in Goodlett's Dropbox account were part of a known series of images with an identified minor victim.  Items placed in a user's Dropbox account are stored on servers owned and operated by Dropbox.  Items placed in a Dropbox account can be accessed from numerous devices and shared with others via links to specific files or folders.  KSP determined Goodlett's Dropbox account contained images of known victims to include the complainant and five images from an identified minor female.

Goodlett signed a waiver of his rights and agreed to a recorded interview with KSP Detectives.  Goodlett admitted to KSP that he was addicted to pornography and that he transferred images from phones confiscated from students to his personal thumb drive without their consent or knowledge.  Goodlett stated he would take the images and share them to a Russian website with the intent of trading for more images.  Goodlett told KSP he used his iPhone and laptop to view the images.  A forensic review revealed Goodlett possessed 436 images and 11 videos of child pornography.

4.       Defendant understands that the charges to which he will plead guilty carry a combined minimum term of imprisonment of 5 years a combined maximum term of imprisonment of 40 years, a combined maximum fine of $500,000, and supervised release of at least 5 years and up to any number of years, including life, which the Court may specify.  Defendant understands

that an additional term of imprisonment may be ordered if the terms of the supervised release are violated, as explained in 18 U.S.C. § 3583. Defendant understands that as a result of the charges to which he will plead guilty he may be ordered to forfeit all of the rights, title, and interests in any property, real or personal, used or intended to be used to commit or to promote the commission of such offenses, or any property traceable to such property, including but not limited to the following:

a.      iPhone, bearing serial number F17M8DA3FF9Y;

b.      Service tag; 7NLH1H1, Model: PP29L;

c.      PNY 8GB SD card, bearing serial number SDK0BG1132*H6130L;

d.      Sandisk 1GB SD card, bearing serial number BB0731713304D;

e.      Imation 1GB drive, bearing serial number HMDS01GCED900033213;

f.      Dell USB drive, 64 MB;

g.      Lexar 128 MB SD card, bearing serial number FH0523084CH0524PA;

h.      Sandisk, Cruzer, 4GB thumb drive, bearing serial number SDCZ36W004GBH1107WRIB;

i.      Sandisk, Glide, 32GB thumb drive, bearing serial number SDCZ60032GBM120723461B;

j.      Verbatim thumb drive;

k.      Seagate external 1TB drive, model number SRD00F1, bearing serial number NA7G6B3R;

l.      iPhone model A1387;

m.      Sandisk, Cruzer, 1GB thumb drive, bearing serial number BB0805KCIB;

n.      PNY 4GB SD card;

o.      Sandisk, Cruzer glide, 16GB thumb drive, bearing serial number CDCZ60016GBL120523461B;

p.      Sandisk, Cruzer, 8GB thumb drive, bearing serial number SDCZ36008GBI1202ZMIB;

q.      USB drive with "KHPDA" on one side;

r.      Kingston datatraveler 112, 2GB thumb drive;

    s.       Apple iPod, 8GB, Model A1367, bearing serial number C3LG9N5DCP7;

    t.       Micro SD card, bearing serial number SDC026;

    u.       Sandisk Micro SD card, bearing serial number MMAGR02GUECAMB1F261000034;

    v.       Micro SD card, bearing serial number MMAGR02GUECAMB1FDE269GA126;

    w.      Samsung Micro SD card, bearing serial number MM8GR01GUACYNA1C071000835;

    x.       Sandisk Micro SD card, 2GB;

    y.       Sandisk Micro SD card 8GB;

    z.       Micro SD card, bearing serial number MMBTR0463CCAMPDHDH12586238;

    aa.     Attache 512 MB thumb drive;

    bb.     Yellow and black thumb drive labeled "EIS PLC WORK";

    cc.     Sandisk 4GB Micro SD card; and

    dd.     HTC Cell phone, bearing serial number HT9B9HF01705.

    5.       Defendant understands that if a term of imprisonment of more than one year is imposed, the Sentencing Guidelines require a term of supervised release and that he will then be subject to certain conditions of release. §§5D1.1, 5D1.2, 5D1.3.

    6.       Defendant understands that by pleading guilty, he surrenders certain rights set forth below. Defendant's attorney has explained those rights to him and the consequences of his waiver of those rights, including the following:

    A.     If defendant persists in a plea of not guilty to the charges against him, he has the right to a public and speedy trial. The trial could either be a jury trial or a trial by the judge sitting without a jury. If there is a jury trial, the jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

      B.      At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

      C.      At a trial, defendant would have a privilege against self-incrimination and he could decline to testify, without any inference of guilt being drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

7.      Defendant understands that the United States Attorney's Office has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to the sentencing process, and to respond to all legal or factual inquiries that might arise either before, during, or after sentencing. Defendant admits all acts and essential elements of the indictment counts to which he pleads guilty.

8.      Defendant agrees that any potential amount of restitution ordered by the Court shall include Defendant's total offense conduct, and is not limited to the counts of conviction. The parties acknowledge that no victims have sought restitution as of the filing of this plea agreement. The defendant further understands that he may be responsible for a fine, costs of prosecution, costs of incarceration and supervision, which may be required.

9.      Defendant acknowledges liability for the special assessment mandated by 18 U.S.C. § 3013 and will pay the assessment in the amount of $200 to the United States District

7

Court Clerk's Office by the date of sentencing.  Defendant further acknowledges that he is

mandated to pay a $5,000 special assessment pursuant to Title 18 U.S.C. § 3014, if the Court

finds that he is non-indigent.

> 10.   At the time of sentencing, the United States will
>
> > -agree not to seek an upward variance from the applicable
> > Guideline Range.
> >
> > -agree that a sentence of 108 months is the appropriate disposition
> > of this case.
> >
> > -agree to recommend a fine at the lowest end of the applicable
> > Guideline Range.[1]
> >
> > -Agree that the sentence should run concurrent to any state
> > sentence related to the facts supporting the federal conviction.
> >
> > -agree that a reduction of 3 levels below the otherwise applicable
> > Guideline for "acceptance of responsibility" as provided by
> > §3E1.1(a) and (b) is appropriate, provided the defendant does not
> > engage in future conduct which violates any federal or state law,
> > violates a condition of bond, constitutes obstruction of justice, or
> > otherwise demonstrates a lack of acceptance of responsibility.
> > Should such conduct occur and the United States, therefore,
> > opposes the reduction for acceptance, this plea agreement remains
> > binding and the defendant will not be allowed to withdraw his plea.
> >
> > -demand forfeiture of the items listed in paragraph 13 of the plea
> > agreement.
>
> 11.   Both parties have independently reviewed the Sentencing Guidelines applicable in

this case, and in their best judgment and belief, conclude as follows:

> A.   The Applicable Offense Level should be determined as follows:

BASE OFFENSE LEVEL
> **22**        **(§ 2G2.2(a)(2))**

---



[1] **Error! Main Document Only.** The defendant acknowledges that he has read the Notice and Penalty Pages
attached to the Indictment/Information, and that he understands the interest and penalty provisions applicable to the
fine imposed and included in the Judgment entered by the Court, said Notice and Penalty Pages are incorporated
herein by reference.

SPECIFIC OFFENSE CHARACTERISTICS

| | | |
|---|---|---|
| +5 | (§ 2G2.2 (b)(3)(B) – distribution 4 non-pecuniary gain) |
| +2 | (§ 2G2.2(b)(6) – use of a computer) |
| +5 | (§ 2G2.2(b)(7)(D) – over 600 images) |
| +2 | (§ 3B1.3 – abuse of trust) |

ACCEPTANCE OF RESPONSIBILITY: (for a *plea of guilty*)

| | |
|---|---|
| -3 | (§ 3E1.1(a) and (b)) |

TOTAL OFFENSE LEVEL:

**33**

B.      The Criminal History of defendant shall be determined upon completion of the presentence investigation, pursuant to Fed. R. Crim. P. 32(c). Both parties reserve the right to object to the USSG §4A1.1 calculation of defendant's criminal history.  The parties agree to not seek a departure from the Criminal History Category pursuant to §4A1.3.

12.      Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed.  Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, the Defendant knowingly and voluntarily waives the right (a) to directly appeal his conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742, and (b) to contest or collaterally attack his conviction and the resulting sentence under 28 U.S.C. § 2255 or otherwise.]

13.      Defendant agrees to the forfeiture of any interest he or his nominees may have in the following assets which he owns or over which he exercises control:

a.      iPhone, bearing serial number F17M8DA3FF9Y;

b.      Service tag; 7NLH1H1, Model: PP29L;

c.      PNY 8GB SD card, bearing serial number SDK0BG1132*H6130L;

d.      Sandisk 1GB SD card, bearing serial number BB0731713304D;

e. Imation 1GB drive, bearing serial number HMDS01GCED900033213;

f. Dell USB drive, 64 MB;

g. Lexar 128 MB SD card, bearing serial number FH0523084CH0524PA;

h. Sandisk, Cruzer, 4GB thumb drive, bearing serial number SDCZ36W004GBH1107WRIB;

i. Sandisk, Glide, 32GB thumb drive, bearing serial number SDCZ60032GBM120723461B;

j. Verbatim thumb drive;

k. Seagate external 1TB drive, model number SRD00F1, bearing serial number NA7G6B3R;

l. iPhone model A1387;

m. Sandisk, Cruzer, 1GB thumb drive, bearing serial number BB0805KCIB;

n. PNY 4GB SD card;

o. Sandisk, Cruzer glide, 16GB thumb drive, bearing serial number CDCZ60016GBL120523461B;

p. Sandisk, Cruzer, 8GB thumb drive, bearing serial number SDCZ36008GBI1202ZMIB;

q. USB drive with "KHPDA" on one side;

r. Kingston datatraveler 112, 2GB thumb drive;

s. Apple iPod, 8GB, Model A1367, bearing serial number C3LG9N5DCP7;

t. Micro SD card, bearing serial number SDC026;

u. Sandisk Micro SD card, bearing serial number MMAGR02GUECAMB1F261000034;

v. Micro SD card, bearing serial number MMAGR02GUECAMB1FDE269GA126;

w. Samsung Micro SD card, bearing serial number MM8GR01GUACYNA1C071000835;

x. Sandisk Micro SD card, 2GB;

y. Sandisk Micro SD card 8GB;

z. Micro SD card, bearing serial number MMBTR0463CCAMPDHDH12586238;

aa. Attache 512 MB thumb drive;

bb. Yellow and black thumb drive labeled "EIS PLC WORK";

      cc.     Sandisk 4GB Micro SD card; and

      dd.    HTC Cell phone, bearing serial number HT9B9HF01705.

      14.    By this Agreement, defendant agrees to forfeit all interests in the properties listed in paragraph 13 above and to take whatever steps are necessary to pass clear title to the United States. These steps include but are not limited to surrender of title, the signing of a consent decree, a stipulation of facts regarding the transfer and basis for the forfeitures and signing any other documents necessary to effectuate such transfers.

      15.    Defendant agrees to waive any double jeopardy challenges that defendant may have to any administrative or civil forfeiture actions arising out of the course of conduct that provide the factual basis for this Indictment. Defendant further agrees to waive any double jeopardy challenges that defendant may have to the charges in this Indictment based upon any pending or completed administrative or civil forfeiture actions.

      16.    Defendant waives and agrees to waive any rights under the Speedy Trial Act and understands and agrees that sentencing may be delayed so that at sentencing the Court will have the benefit of all relevant information.

      17.    Defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to defendant, arising out of the investigation or prosecution of the offenses covered by this Agreement.

      18.    The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

19. Defendant agrees to interpose no objection to the United States transferring evidence or providing information concerning defendant and this offense, to other state and federal agencies or other organizations, including, but not limited to the Internal Revenue Service, other law enforcement agencies, and any licensing and regulatory bodies, or to the entry of an order under Fed. R. Crim. P. 6(e) authorizing transfer to the Examination Division of the Internal Revenue Service of defendant's documents, or documents of third persons, in possession of the Grand Jury, the United States Attorney, or the Criminal Investigation Division of the Internal Revenue Service.

20. If the Court refuses to accept this agreement and impose sentence in accordance with its terms pursuant to Fed. R. Crim. P. 11(c)(1)(C), this Agreement will become null and void and neither party shall be bound thereto, and defendant will be allowed to withdraw the plea of guilty.

21. Defendant agrees that the disposition provided for within this Agreement is fair, taking into account all aggravating and mitigating factors. Defendant states that he has informed the United States Attorney's Office and the Probation Officer, either directly or through his attorney, of all mitigating factors. Defendant will not oppose imposition of a sentence incorporating the disposition provided for within this Agreement, nor argue for any other sentence. If Defendant argues for any sentence other than the one to which he has agreed, he is in breach of this Agreement. Defendant agrees that the remedy for this breach is that the United States is relieved of its obligations under this Agreement, but Defendant may not withdraw his guilty plea because of his breach.

22. The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act (42 USC §§ 16901 et. seq), the defendant must register and

12

keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student. The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status. The defendant understands that he must notify the relevant registration authority with information relating to intended travel outside the United States. The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

23.     This document and the supplemental plea agreement state the complete and only Plea Agreements between the United States Attorney for the Western District of Kentucky and defendant in this case, and are binding only on the parties to this Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that are signed by all parties or on the record in Court. No other promises or inducements have been or will be made to defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.


AGREED:

JOHN E. KUHN, JR.
United States Attorney

By:

13

_____

A. Spencer McKiness
Assistant United States Attorney

8/15/17
_____
Date

I have read this Agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

_____

Stephen Kyle Goodlett
Defendant

8/15/17
_____
Date

I am the defendant's counsel. I have carefully reviewed every part of this Agreement with the defendant. To my knowledge, my client's decision to enter into this Agreement is an informed and voluntary one.

_____

Christopher Spedding
Counsel for Defendant

8/15/17
_____
Date

JEK:ASM:050417

14